# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| **DEBORA PINES**,  )  | **Case No.: 2:19-cv-11534** |
| Plaintiff,  ) | |
| v.  ) | |
| **R1 RCM, INC. d/b/a MEDICAL**  ) | **JURY TRIAL DEMANDED** |
| **FINANCIAL SOLUTIONS**,  ) | |
| Defendant.  ) | |

## COMPLAINT

DEBORA PINES ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against R1 RCM, INC. d/b/a MEDICAL FINANCIAL SOLUTIONS ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United

States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Jurisdiction of this Court arises under 28 U.S.C. § 1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

4.      Defendant regularly conducts business in the State of Michigan, thus, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**PARTIES**

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.      Plaintiff is a natural person residing in Harper Woods, Michigan 48225.

8.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.      Defendant is a corporation with its principal place of business located at 225 N. Rose St., Kalamazoo, MI 49007.

10.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11.     Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

12.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

13.     Plaintiff has a cellular telephone.

14.     Plaintiff has only used this phone as a cellular telephone.

15.     Defendant placed repeated harassing telephone calls to Plaintiff on her home and cellular telephone numbers regarding an alleged medical debt that was incurred primarily for personal, family or household purposes.

16.     Defendant's collectors called Plaintiff from telephone numbers including, but not limited to: (877) 295-8833. The undersigned has confirmed that this number belongs to Defendant.

17.     Plaintiff received automated calls on her cellular telephone that would begin with a pre-recorded voice prior to Plaintiff spoke with live callers speaking on Defendant's behalf.

18.     Soon after the calls began Plaintiff told Defendant to stop calling her.

19.     Once Defendant was aware that its calls were unwanted, its continued calls could have served no lawful purpose, and could only have been placed for the purpose of harassment.

- 3 -

PLAINTIFF'S COMPLAINT

20.     However, Defendant ignored Plaintiff's request and continued calling Plaintiff, knowing at all times that its calls were unwanted.

21.     Defendant's calls were not placed for emergency purposes.

22.     Defendant's actions as described herein were taken with the intent to harass, upset, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d and d(5) OF THE FDCPA

23.     A debt collector violates §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

24.     A debt collector violates §1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

25.     Defendant violated these sections when it placed repeated and continuous harassing telephone calls to Plaintiff on both her home and cellular telephone numbers within the one year period preceding the filing of this Complaint knowing at all times that its calls were unwanted.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

26.    Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27.    Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

28.    Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

29.    Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

30.    Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

31.    Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual  monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

32.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

33.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

34.     Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

35.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBORA PINES, respectfully prays for a judgment as follows:

a.  All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.  Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.  All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A); and

e.  All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

f.  Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g.  Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h.  Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i.  Any other relief deemed appropriate by this Honorable Court.

PLAINTIFF'S COMPLAINT

1

2

**DEMAND FOR JURY TRIAL**

3

PLEASE TAKE NOTICE that Plaintiff, DEBORA PINES, demands a jury

4

5

trial in this case.

6

7

RESPECTFULLY SUBMITTED,

8

9

Dated: 5/24/19          By: /s/ Amy L. Bennecoff Ginsburg

10

Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.

11

30 East Butler Pike
Ambler, PA 19002

12

Phone: (215) 540-8888
Facsimile: (877) 788-2864

13

Email: aginsburg@creditlaw.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT